In the Matter of MICHAEL McDONALD, Respondent, v JUSTIN TAYLOR, Superintendent, Gouverneur Correctional Facility, Appellant. [914 NYS2d 496]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), entered September 17, 2009. The judgment, among other things, directed the Department of Correctional Services to credit petitioner with an additional 113 days of jail-time credit and adjust his sentence accordingly.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus, alleging that he was entitled to certain jail-time credit with respect to the sentence for his conviction of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). According to petitioner, he was entitled to credit for the days he served in federal prison between the date of his state conviction and the date of his release from federal prison. Petitioner was convicted of the federal crime at issue and sentenced with respect thereto before he pleaded guilty to the state charge.

Supreme Court determined that petitioner's request for habeas corpus relief was moot inasmuch as petitioner had been released to parole supervision, and it converted the proceeding to one pursuant to CPLR article 78. The court granted the petition "to the extent that the Department of Correctional Services is directed to credit the petitioner with an additional 113 days of jail-time credit and adjust his sentence accordingly." That was error. Pursuant to Penal Law § 70.30 (2-a), "where a

person who is subject to an undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction is sentenced to an additional term . . . of imprisonment by a court of this state, to run concurrently with such undischarged term, such additional term . . . shall be deemed to commence when the said person is returned to the custody of the appropriate official of such other jurisdiction . . . ." Here, however, petitioner had been discharged from federal custody by the time he was sentenced on his state conviction. Moreover, Penal Law § 70.30 (3) does not compel a different result inasmuch as the time in question was credited against petitioner's prior federal sentence. We therefore reverse the judgment and dismiss the petition. Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.